Case number 21-5732 Andrew Bannister v. Knox County Board of Education et al. Oral argument not to exceed 15 minutes per side. Ms. Magosh, you may proceed for the appellant. Good morning, your honors, and may it please the court. My name is Hillary Magosh and I represent the plaintiff's appellants in this matter. Or Andrew Williams Bannister by his co-administrators Ad Lightem, Candace Bannister, and Mark Bannister. And plaintiff appellants would respectfully request three minutes of rebuttal time. So today we'll be focusing on the three main issues raised in the briefing, or the substantive due process claims, the Title IX claims, and then moving on to the equitable claims. So as it relates to plaintiff's appellant's substantive due process claims, as this court is aware, in the memorandum opinion, the district court provided that it wasn't entirely clear what constitutional violations the plaintiffs were alleging. And then the court concluded that they had alleged a procedural due process claim. And while plaintiffs did allege a procedural due process claim, they also alleged a timely substantive due process claim. Can I ask about that? It seems to me it was, this is kind of for both counsels, it was quite unclear that there was a substantive due process claim alleged. I know the rule is you don't have to allege legal theory, so the complaint didn't necessarily have to say it. But who should bear the burden in this scenario to raise this type of claim? On the one hand, I could see that the defendant has the duty because it's an affirmative defense, and one of the key elements to the statute of limitations is the accrual date, and that Supreme Court has said that the accrual date depends on the specific constitutional theory. But on the other hand, it seems like we do a disservice to the district court, it's kind of sandbagging in some sense, when you don't even mention the phrase substantive due process in your response, and then we're supposed to reverse the district court on a theory that wasn't really, the district judge was not given a chance to consider. So neither party discussed any type of specific constitutional theory, and what should we do about that? Does that mean we should affirm the district court because we can affirm on any basis in the record and it's unfair to the district court, or should we think that the defendant bore the duty to do this because it was a statute of limitations as an affirmative defense? Yes, your honor. So, as you said, there wasn't, I guess the substantive due process claim wasn't specifically, as you said, specified in the second amended complaint. Or even more significantly, it seems to me, in your response to the motion to dismiss. Well, in the response, and again, as you mentioned, you don't need to specify the legal theory. However, in our response to the motion to dismiss, there is a footnote, and it was on, let's see here, so it's record 44-1, that's page ID 810, footnote 6, and we provided, of course, the injury asserted in both of these counts relating to the claims brought pursuant to 1983 and Title IX. Again, the injury asserted in both of these counts is the suicide. Without much analysis needed, the complaint was clearly filed within a year of plaintiff's death, and certainly prior to plaintiff's discovery of facts which could form the basis of the 1983 and Title IX claims. And I won't read the rest of that footnote, but again, the substantive due process claim, the right to life, I believe that plaintiffs did assert, at least in that footnote. Is that the sole statement on which you're relying on, just the allegation that the injury was the suicide? Well, that is, I guess, our attempt at naming, without naming, the suicide. However, there is a one-year statute of limitations, and in the complaint, again, Will's parents didn't discover the journal until April 30th of 2017. They filed their complaint on April 16th, 2018, so that was within a year of his death, and certainly prior to a year of their discovery of the creative writing journal. So even if we thought that that footnote was sufficient to make the claim timely, is it sufficient to have actually raised the claim? So maybe you, it's a little odd, but maybe you have a timely substantive due process claim, but did you sufficiently raise the claim? Because when I read your complaint, I don't see a substantive due process that doesn't spring out of the complaint, and it doesn't spring out of the response to the motion to dismiss, so I'm just wondering whether you've forfeited that claim, even if we say you've timely raised it. Well, no, Your Honor. Plaintiffs believe that we did not forfeit the claim, and that we did set forth a substantive due process claim. When you look at the breadth of plaintiffs' second amended complaint, all of these acts of harassment leading up to Mr. Bannister's suicide, well, let me rephrase. So as this Court is aware, in Descheny v. Winnebago, there's, I guess, the court, the United States Supreme Court provided that in general, a state's failure to protect against private acts of violence doesn't violate the due process clause. In Myers v. Cincinnati Board of Education, though, three exceptions to that rule were discussed. And so when you, the state created danger exception, the special relationship, and then the shocks of conscience exception. So when you're reading through the complaint, and Will's parents find this creative writing journal on April 30, 2017, and they become aware that Will had submitted a journal entry on it that was graded on April 6, 2017, with all of these suicidal ideations in it, and those were not reported to anyone at the school and not reported to his parents, those actions are conscience shocking. So when you read through the complaint and it leads up to the suicide and you learn what was in that journal, that is conscience shocking, violating the norms of civilized conduct. It's not entirely clear to me that there's the three categories. It seems to me the Supreme Court has drawn a divide between the state itself injuring the plaintiff, in which case not all negligent conduct is covered by substantive due process. That's where the shocks, the conscience test really fits. It's about when the state causes the injury. But here, it's a tragic fact that Will committed suicide and it wasn't the state that caused the injury. Your theory is that the state failed to put his parents on notice that he might have had these suicidal ideations. So why doesn't the state created danger test fit that? You seem to concede that you can't meet that in the reply brief. So the Myers versus Cincinnati Board of Education case that was cited too in our brief makes clear that there's actually the three exceptions according to that court. And so the state created danger exception, you needed an affirmative action, a danger that's specific, of course, to the plaintiff versus the public at large and then it needs to be done with deliberate indifference. The court found that there was also the shocks, the conscience exception. And it actually also provided that actions which could be more akin to deliberate indifference or gross recklessness can actually still be considered conscience shocking. So just because an action is deliberately indifferent, it may or may not rise to the level of conscience shocking. So we're proceeding under the shocks, the conscience theory. So that was Lewis, I suppose. Why wouldn't your test, why would a plaintiff ever assert a state created danger theory? It seems to me your test just renders the other elements superfluous. So why would they just always say shocks the conscience? Well Your Honor, you could proceed under both theories. And in Myers, for example, the plaintiffs did just that. Myers involved a young child who committed suicide. He had been bullied at school. And in that case, the school officials knew about the bullying. They didn't tell the parents about the bullying. And they in that case actually tried to cover it up. And they said that he had fainted at school when, in fact, he'd been knocked unconscious by a group of his peers. What do you want us to concentrate on primarily? You had a long complaint, and we have a lot of causes of action. Is your substantive due process what you want us to concentrate on mostly or something else? Well, Your Honor, the substantive due process claim, and then the Title IX claims, and then the equitable claims. What's your best Title IX case that fits into this case? It's usually people who want to play ball and are discriminated against or something like that. We don't have that here, right? Right, Your Honor. And this Court has previously said that a failure to conform to gender stereotypes, you can set forth a claim for discrimination for that under Title IX. And so to set forth that type of a claim, you've got to show that you didn't conform to gender stereotypes in an observable way. And that was the basis for... Speak up just a little bit there. Oh, I apologize, Your Honor. You have to show that you didn't conform to gender stereotypes in an observable way, and that was the basis for harassment. And so the breadth of the Second Amended Complaint sets forth a campaign of harassment against Will for his failure to conform to gender stereotypes. And what's your best case for the Sixth Circuit on that, did you say? Your Honor, I will have to look into that. I know that we cited the Trumanello case in regards to filing a claim for that type of failure to conform to gender stereotypes. So that's the one that comes to my mind at this time, Your Honor. Counsel, did you, along those same lines, there's no respondeat superior liability under Title IX. So the county would have had to know about the discrimination based on the failure to conform to gender stereotypes and have been indifferent to that kind of discrimination. Did you allege knowledge on the part of the county? Well, yes, Your Honor. So again, under... According to the Plaintiffs Appellants, these were multiple acts of discrimination throughout his schooling. For example, there was one instance where there was a tip called into the Sheriff's Office and the Sheriff's Office came and they searched Will and his locker. They didn't find anything. And his parents were called at that point. And Mr. Bannister did tell the principal, he asked, hey, please stop targeting my son for the way he looks and the way he dresses. And we did allege... Is that that would have raised to some decision maker in the county that the failure to conform to gender stereotypes was the source? Because it has to be a decision maker, right, who has that knowledge. Right. And so Mr. Bannister asked the school to stop targeting his son. When the creative writing... When they discovered this journal, again, the defendant, Ash, who graded the journal, she marked it down because he didn't write a full half page in length and she knew that he hadn't been... Would her knowledge be enough on at least the claim with respect to the suicide? I would think kind of related to Judge Larson's point, she's the only one who knew about this project. There's no evidence that any of the administrators knew about, at least not alleged in the complaint. I shouldn't say evidence. There's no allegations in the complaint that anybody but the teacher knew about this writing project, right? Well, Your Honor, there was a policy, policy J580, which provided that an employee with a disability could report that to a principal or other designee. But there's no evidence that she did. Right. And she can't... I would think it would be respondeat superior if her knowledge was attributed to the county. So wouldn't you have had to allege that she reported it to the county and the county was like, we don't care? If you made those types of allegations, then it strikes me that it could be county level deliberate indifference. But I don't think those allegations are in the complaint. Your Honor, Ms. Ash, whether or not she reported the suicidal ideations to anybody at the school as she was supposed to through these policies and procedures, the policies and procedures also don't set forth a clear timeline for when parents should be notified of a child's suicidal ideations. And in this case, Ms. Ash didn't notify them and nobody from the school notified them either. So regardless of her failure to report these ideations, she also didn't notify the parents and nobody from the school notified them either. I see your light is on. Do you have any further questions? Oh, you'll get your full rebuttal. Good morning. My name is David Sanders, representing Knox County Board of Ed and the individually named defendants in this matter. I would like to start off by simplifying this case a little bit. I'm simply saying that we of course acknowledge that what happened to Will Bannister was a horrible tragedy. There are no winners here. It's awful that this child committed suicide, but we can't proceed simply on sympathy. It's also worth noting that the issues in the plaintiff's complaint are not the fault of this counsel. They had separate counsel at the beginning of this case and was filed by separate counsel. But with that said, the complaint was filed on April 16th, 2018. Will's suicide was the action occurred on April 17th of 2017 and he was pronounced dead on April 18th of 2017. Setting aside the issues with forfeiture, why wouldn't a substantive due process claim tied to a suicide be timely because it would have been within one year of the statute? Your Honor, because the court still looks to the specific actions of the entity in determining the cause of action. If the cause of action is the bodily harm that resulted, they would not have had a complete and present cause of action until the harm occurred. They couldn't sue over a suicide until the suicide occurred. So it strikes me as strange to say that the statute of limitations would have started running before the suicide. Well, Your Honor, this was actually briefed fairly extensively in our reply brief at the motion to dismiss stage. And we cited, we quoted about a page and a half of a decision, be it it's a district court decision, regarding a suicide of an individual who was, I believe, incarcerated. And the authority in this circuit seems to be that it is the constitutional violation which is at issue. That is, that's the triggering date of the running of the statute of limitation, not the result of it. Because if it's the result of it, Your Honor, then you're going to have an unlimited statute of limitation. Somebody could commit suicide five, ten years down the road. Is your theory then, so when did, I guess the harm was the failure to notify on April 6th about the project? And so that's when it started? Your Honor, I think it's a little more complicated than that. The plaintiffs spend easily 90% of their complaint complaining about procedural due process issues. I agree with that. There's a significant forfeiture issue here. Right. But set aside the forfeiture issue. Setting aside that, Your Honor. Assume that they have asserted, they adequately asserted a substantive due process claim tied to like a failure to protect or a shocks to conscience theory related to Will's suicide. It strikes me as, it just strikes me as strange to say that a cause of action accrues before the injury occurs. I think that the Supreme Court has repeatedly said, I mean, there's a debate about whether it's a cruel rule which ties it when the injury occurs or a discovery rule which ties it to when the plaintiffs discover their cause of action, which here was arguably later because they didn't even know about the project until a couple weeks after the fact. But I'm having trouble seeing how this substantive due process claim would not have started any earlier than the suicide. Well, Your Honor, I believe substantive due process follows the same rubric as procedural due process. The violation occurs when the incident occurs and that was in, at latest, April 6th of 2017. But having said that, Your Honor. What was the violation that they're claiming that we pinpoint? Was it the teacher not telling anybody about this paper or something? No, Your Honor. That's the violation they are complaining of specifically. Now, having said that, Your Honor, in that section of their complaint, all they complain about is Tennessee Governmental Tort Liability Act. They claim that as a state law negligence claim only. They didn't even speak the words constitutional rights or due process in that section of their complaint. And even if you assume they did, Your Honor, those allegations just simply don't move this from conceivable to plausible. There's a policy violation, as counsel was discussing up here, a policy violation, a failure to report, is simply a negligent act. That is not deliberate indifference and certainly not shocks the conscience. Then should it be sent back to the state courts to decide these issues of state law or can the district court do this? I think the district court has already decided these issues. And, Your Honor, going back to the forfeiture issues, this is what Rule 60 is all about. If plaintiffs thought that the district court had not adequately dealt with all their claims at the trial court level, they should have filed a Rule 60 motion and gotten that straightened out. It's clear that you can't raise these issues for the first time on appeal. And that's exactly what appellants have done. Is this a matter of procedural or substantive due process? There seems to be a question about that here. Well, Your Honor, the plaintiff clearly reads as a matter of procedural due process. But once the appellant plaintiffs realized they had no case under procedural due process, they tried to shoehorn slash bootstrap their case into a substantive due process claim. This is a procedural due process claim up and down. This complaint is something like 450 paragraphs long. And all throughout it, it discusses the procedural issues of disciplinary hearings, the discussions of supervisors with principles that were out of line allegedly. Again, these are all procedural due process issues. To say at the 11th hour that this is a substantive due process claim, frankly, Your Honor, is ludicrous. Did the district court make a ruling on that, whether substantive or procedural? District court, counsel accurately quoted the opinion, as I recall it, which said it's unclear. But the district court did rule that it was a procedural due process claim because the procedural aspects were all intertwined with the complaint up and down. And again, Your Honor, if plaintiff had a plaintiff appellate had an issue with that, they should have filed a motion asking the court to reconsider or bringing these issues to the court's attention below. This is not the time to say, oh, wait, we have a substantive due process claim that the court never considered. What do we do with the facts that you bear the burden of proof on? Does that affect the analysis at all? It seems to me it might. So I don't think that they had a duty. As I understand the Supreme Court's pleading precedent, you have a duty to plead facts, not legal theories. Then if you file a motion to dismiss asserting these facts don't assert any conceivable legal theory, their response to that motion is when they have to put their cards on the table, so to speak, and allege their legal theories. Well, yes. But you never, and that's just if it's a 12 v. 6 on the merits, when you have the burden of proof on a statute of limitations, the key question for the statute of limitations is when the claim accrues. And the accrual rules the Supreme Court has taught us are tied to the substantive theory. So the accrual rule might be different for substantive due any legal theory. So I was curious, this is kind of the question I asked at the outset, the absence of pleading on legal theories in the party's briefing, what should we do about that? Should we hold that against you because you had the burden of proof or because now we're on appeal, should we just affirm on any basis in the record? Your Honor, we did as best we could with what was an extremely challenging complaint. Frankly, the complaint was a scattershot complaint. And we did as best we could to understand the legal theories and file our motion related to those. The district court saw our pleading, and of course the plaintiffs had the opportunity to respond, and they did respond. They didn't say, oh, wait, no, we're claiming substantive due process. No, they went right along with our arguments on procedural. Then the court ruled, and even then the plaintiffs didn't say, wait a second, you forgot all about our substantive due process claims or our equitable claims. The first time we ever saw this was at the appeal. And that's not the way the If it was a traditional 12B6 motion that was just the complaint doesn't state a claim, that's how I think the process, what's really, I'm just unsure of, I should say, I don't know what the right rule is, is how the fact that you bear the burden of proof affects the analysis and whether that means you have to affirmatively show, if it's your duty to show that the complaint is untimely under any conceivable set of circumstances, does that put the onus on you to say that it also doesn't plead substantive due process? I can't imagine it does, Your Honor, because if that's the rule, then we have to think about the entire universe of claims, including claims that plaintiffs never did make. I mean, where does it stop? Again, you know, just like the extension of the suicide as the triggering date, if that's the case, then five, ten years down the road you could be liable for an action. But again, if you have, if the burden's on us to think of every conceivable claim plaintiffs could have thought of and defeat them, despite the fact they never adequately pledged them, then we would never be able to win a motion to dismiss. I think that the burden has to be on, and the burden's always on the plaintiffs in federal practice to draft a well-crafted complaint that adequately states their causes of action. They didn't in this case, on the Are there further questions? All right, well, I'm not going to sit up here and waste your time. Thank you very much. Thank you. We will hear rebuttal. Thank you, Your Honors. Defendants claim that they had no idea that this was a substantive due process claim. And while no doubt the plaintiffs did also make a procedural due process claim, everything in this complaint leads up to Will taking his own life, which again, if the school had reported these ideations to his parents, they could have gotten him, called his doctor, gotten him some proper mental health treatment. He might still be here today. Everything Did the complaint say that word, substantive due process? No, Your Honor. And when was it first brought up to the district court so the district court could make a ruling on it? Well, Your Honor, the complaint, looking at the entirety of the complaint, the facts and the allegations set forth in that complaint create a substantive due process claim. And so while the theory itself was not named in the second amended complaint, plaintiffs did put forth that substantive due process claim. Everything in this complaint leads up to Will taking his own life. And of course, the right to life is undoubtedly rooted. It's a substantive due process issue. Well, did the court go off on procedural and you or your predecessor say, no, judge, we're talking about substantive due process. We want you to rule on that. Did you do anything like that? Your Honor, the court did not address the substantive due process claim at all. And that is, we appealed this action for that reason. So you just left it to the judge to kind of guess what it is? Well, in our response to the motion to dismiss, I had quoted that footnote earlier, but we did provide that the injury at issue and at focus for the 1983 and the Title IX claims was Will's suicide. So we did address it and address other further arguments in response to that motion to dismiss as well. What about this notion that you should have filed a Rule 60B? I mean, once the district court has ruled and if you think you still have a claim on the table that the district court hasn't dealt with, is it at that point the plaintiff's responsibility to say to the district court, hey, you forgot about my substantive due process claim? I mean, I know that's the question here is because it was statute of limitations, does that change anything? What do you think about this Rule 60B? Well, Your Honor, I do think because it's statute of limitations, it does change it. As Your Honor mentioned, the defendants had the burden to raise it. And I think that we appealed for that reason. All right. Can I ask one final question? Of course. So just switching to your state equitable claims, it's not clear to me, I don't understand what kind of prospective relief you're seeking or why you have Article III injury. So we consider standing with respect to each type of claim. So past injury provides a basis for damages. Future injury or prospective injury or imminent injury can provide a basis for injunctive or declaratory relief. And I don't see anything, any threatened future injury after the suicide in the complaint. Well, Your Honor, I think a lot of it has to do with preventing the same thing from happening potentially to other students in the same position as Will. But I don't, I mean, we resolve cases or controversies. We want to just generically oversee the school without a risk to another party who's before the court. And I'm not certain Will's parents would have the authority to sue on behalf of the entire student body of the district. Well, the plaintiffs would still like to see the, I guess the school system having declared that they should have reported Will's suicidal ideations to his parents. And I think that might provide them with some much-needed closure, although they wouldn't, obviously, that's injunctive relief as well. All right. Other questions? Thank you for your arguments.